JOE BENJAMIN CUMMINS v. THE STATE.

*No. 1318.   Decided October 28th, 1896.*

1. **Enticing Minor From Parent—Evidence Insufficient.**

See, facts stated, which are held wholly insufficient to support a conviction for knowingly enticing and decoying a minor from the custody of the parent.

2. **Same.**

In order to constitute the offense of enticing, etc., a minor from the custody of a parent, etc., under provisions of Art. 625a, Penal Code, it is necessary that the minor be knowingly decoyed or enticed from his parent. The bare fact that a party hires a minor with knowledge that such minor has a parent living, is not sufficient to constitute the offense.

APPEAL from the County Court of Camp. Tried below before Hon. A. S. ZACHERY, County Judge.

Appeal from a conviction for enticing a minor from the custody of his parent; penalty, a fine of $25.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a misdemeanor, and appeals. The information charges substantially that the defendant did knowingly entice and decoy one John Westmoreland from the cus-

tody of his parent, Minerva Newsome. The evidence in this case shows that John Westmoreland was a son of Mrs. Minerva Newsome, and was a minor, and that he hired to the defendant to work for him, during the year 1896, at five dollars per month. Mrs. Newsome's testimony shows that she did not consent for her son to hire out, but desired him to aid her in making a crop; that she had never seen the defendant about her place or premises. How far she lived from the defendant is not shown. The evidence further shows that, about the 14th of January, some parties, at the request of the mother of John Westmoreland, went to the house of the defendant in Camp County, to look for John, but did not find him. They found him at the house of defendant's father, near by. They endeavored to get John to go back with them, but did not succeed. This is the State's case. Defendant showed by John Westmoreland himself that he left his mother voluntarily, and went to Camp County; that the defendant offered him no inducement or promise of any kind. It was shown that John Westmoreland had for two or three years previously been hiring out in that neighborhood, with no protest or objection from his mother. The defendant also showed that he did not know of any objection on the part of Mrs. Newsome to his hiring her son until after he had hired him; that this was at the time the parties came down to his place for John; and that he then told the boy to go home to his mother. He also testified that he used no inducement or persuasion to hire John; that he came to his house, so far as he knew, voluntarily, and hired to him there. The mother's testimony showed that John Westmoreland was 15 years old, and other witnesses testified that he was 19 or 20. This is substantially all of the testimony in the case. The court charged the jury, in effect, that if they believed John Westmoreland was under 21 years of age, and that Minerva Newsome was his parent, and that she was known to be such by the defendant, and he hired the said John Westmoreland to live with him, then the defendant would be guilty of the offense charged. In our opinion, the evidence neither sustains the verdict, nor was the charge of the court the law of the case. The statute, in order to constitute an offense of this character, requires that the minor be knowingly decoyed or enticed from his parent. The proof shows no enticement at all, much less a knowing enticement. The bare fact that a party hires a minor with knowledge that that minor has a parent living is not sufficient to constitute this offense. This was all there was in this case. The judgment of the lower court is accordingly reversed, and the case remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.