### R. L. CALCOAT v. THE STATE.

*No. 1143. Decided March 3rd, 1897.*

**Primary Election—Illegal Voting at—Information—Sufficiency of.**

One of the necessary ingredients of the offense of illegally voting at a primary election, as denounced in Penal Code, Art. 192a, is that the party illegally voting at a primary election, "Is not qualified to vote in the election precinct where he offers to vote, at the next State, county or municipal election;" and this, being the essential element of the offense, must be alleged in the indictment or information; and not being so alleged, the information or indictment is fatally defective.

APPEAL from the County Court of Nolan. Tried below before Hon. J. F. EIDSON, County Judge.

Appeal from a conviction for illegally voting at a primary election; penalty, a fine of $1.

The charging part of the information is set out in the opinion. Defendant made a motion, in the court below, to quash the information, which was overruled.

*Beall & Beall*, for appellant.

*Mann Trice*, Assistant Attorney General, for the State, confessed error both as to the sufficiency of the information and the sufficiency of the evidence.

DAVIDSON, Judge.—Appellant was convicted of illegally voting in a primary election under the auspices of the Democratic party of Nolan County, and fined in the sum of one dollar, and appeals. Omitting formal portions of the information, it charges that appellant "did then and there unlawfully vote at a primary election held at Hitton election box, in election precinct number three, in said Nolan County; said primary election having been theretofore regularly called, and was then and there being regularly held by and under the authority of the executive committee of the Democratic party of said county, for the purpose of nominating candidates for county offices of said county for said political party; and the said R. L. Calcoat did then and there knowingly, wilfully and illegally, vote at said Hitton election box in said primary election, in this: that said R. L. Calcoat then and there resided in Taylor County, Texas, and was not a legal voter in any election precinct in said Nolan County, and the said R. L. Calcoat then and there knew that he was not a legal voter in said Nolan County—against the peace and dignity of the State." It was also alleged that this occurred on the 6th of June, which was the day the election was held under the order of said executive committee. Motion to quash this information was made by appellant, in the court below, upon several grounds. We deem it unnecessary to notice any of them, except one, to-wit: that said information fails to allege the fact that appellant was not "qualified to vote in the election precinct where he offered to vote at the next State, county, or municipal election." In this particular the information fails to allege that he would not be a qualified voter in said precinct at the next county election. Under the Act of the Legislature, approved April 8, 1895, under which this information was framed, section 1 reads as follows: "Any person voting at any primary election called and held by authority of any political party for the purpose of nominating candidates of such political parties for any public office, who is not qualified to vote in the election precinct where he offers to vote at the next State, county or municipal election * * * shall be deemed guilty of a misdemeanor, and shall be punished," etc. New Penal Code, Article 192a. One of the necessary ingredients in an offense under this statute is that the party who illegally votes "is not qualified to vote in the election precinct where he offers to vote at the next State, county or municipal election." It is not so much the qualification of the voter at the time he cast his vote in the primary election as his qualification at the time the election is held for the State, county or municipal officers. This being the essential element in the offense, it must be averred in the indictment. As we understand this statute, it takes this ingredient in the definition of the offense to constitute the crime. Without this necessary averment in the information, the offense sought to be charged is not properly set out, and the information is fatally defective. The motion to quash the information should have been sustained. We deem it unnecessary to go into the other questions in the case, but have serious doubts whether, under the testimony, appellant would

be guilty of a violation of the statute under which the information was based. For the reasons indicated the information is fatally defective, and the judgment is reversed and the prosecution ordered dismissed.

*Reversed and Ordered Dismissed.*