## Mrs. Lillie McNelly v. The State.

No. 21665. Delivered June 27, 1941.

The opinion states the case.

*Claud L. Milburn,* of Corsicana, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Illegally enticing minors from custody is the offense; the punishment, a fine of $25.00.

The prosecution arose under Art. 535, P. C., which reads as follows:

"Any person in this State who shall knowingly entice or decoy any minor in the State away from the custody of the parent or guardian or person standing in the stead of parent or guardian of such minor· shall be fined not less than twenty-five nor more than two hundred dolllars. In all cases where charitable and benevolent institutions have established homes for dependent orphans of their deceased members and the person legally entitled to the guardianship of such orphans sur-

renders them to such homes for care and support, such institutions under their agencies and rules are considered as standing in the stead of the parent."

The information upon which the conviction was predicated reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"Charles T. Banister, Criminal District Attorney of the County of Navarro, State of Texas, presents in the County Court of said Navarro County at the January Term, A. D. 1941, of said Court, that Mrs. Lillie McNelly on or about the 5th day of October, A. D., One Thousand Nine Hundred and Forty, and anterior to the filing of this Information, in the said County of Navarro and State of Texas, did then and there unlawfully and knowingly entice and decoy Lillie McCartney, Gene Allen McCartney and Joseph Milton McCartney, minors, away from the I. O. O. F. Widow's and Orphans' Home, Corsicana, Navarro County, Texas, to which R. L. Baugh, the person legally entitled to the guardianship of the said Lillie McCartney, Gene Allen McCartney and Joseph Milton McCartney, had surrendered the said Lillie McCartney, Gene Allen McCartney and Joseph Milton McCartney for their support, maintenance and education, against the peace and dignity of the State."

It will be noted that there is no allegation that the "I. O. O. F. Widows and Orphans Home, Corsicana, Navarro County, Texas," is a charitable or benevolent institution, nor is there an allegation that the minors mentioned were orphans of a deceased member of that organization. The question here presented is whether the absence of such allegations, or allegations of similar import, renders the information defective.

Art. 535, P. C., has for its purpose to prevent a minor child from being decoyed and enticed away from his parent, guardian or person standing in the stead of such parent or guardian.

Institutions as such may occupy, and are to be considered as occupying, the position of a parent, within the meaning of the statute, when they fall within a certain class, i. e., "where charitable and benevolent institutions have established homes for dependent orphans of their deceased members."

In the instant case, the State relied upon this provision of the statute by alleging that the children were enticed and decoyed away from an institution.

It is an elementary rule of criminal law that the State's pleading, to be sufficient, must allege the essential elements necessary to constitute the offense charged.

It follows, therefore, that, where the accusation is that the children were enticed and decoyed away from an institution, the information, in order to be sufficient, should allege that such institution was of the class described in the statute. In failing so to do, the information does not charge an offense under the statute, and is, therefore, fatally defective.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.