**Lee Roy PANNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37282.**

Court of Criminal Appeals of Texas.

Dec. 2, 1964.

Les Procter, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the unlawful possession of unstamped cigarettes; the punishment, two years in the penitentiary and a fine of $4,000.

Appellant challenges the sufficiency of the indictment.

The conviction rests upon the second count in the indictment which alleges that the appellant:

"* * * did then and there unlawfully have in his possession for the purpose of transportation and distribution packages of cigarettes in quantities of more than 10,000 cigarettes without having affixed to each individ-

ual package of cigarettes the proper stamp evidencing the payment of the cigarette tax for the State of Texas and without having obtained from the Treasurer of the State of Texas the requisite number of stamps necessary to stamp such packages of cigarettes, the said Lee Roy Pannell (appellant) not then and there being a distributing agent, bonded distributor or common carrier."

Art. 7.37(j) of Title 122A, Ch. 7, Volume 20A, R.C.S. provides as follows:

" * * * [W]hoever shall possess in violation of any provision of this Chapter, *cigarettes upon which a tax is required to be paid* in quantities of ten thousand (10,000) or more cigarettes * * * shall be guilty of a felony and shall be punished by confinement in the State Penitentiary for not more than two (2) years or by confinement in the County Jail for not less than one (1) month nor more than six (6) months, or by a fine of not less than One Hundred Dollars ($100) nor more than Five Thousand Dollars ($5,000) or by both such fine and imprisonment."

The statutory provision relied upon makes unlawful only the possession of cigarettes *upon which a tax is required to be paid* in quantities of ten thousand (10,000) or more cigarettes.

None of the three counts in the indictment allege that the appellant possessed "cigarettes upon which a tax is required to be paid."

The indictment fails to comply with the requirements of the statute by alleging that the cigarettes which appellant possessed were cigarettes "upon which a tax is required to be paid." It is apparent from the statute that such allegation is an essential element of the offense. Therefore, it must be averred in the indictment. Branch 2nd, 495, Sec. 513; Calcoat v. State, 37 Tex.Cr.R. 245, 39 S.W. 364; McNelly v. State, 142 Tex.Cr.R. 344, 152 S.W.2d 771.

The indictment being fatally defective as pointed out, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.