**Johnny AGNEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44422.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Joe Smith, Seminole, for appellant.

Joe K. McGill, County Atty., Seminole, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction under Article 1551(b), Vernon's Ann.P.C., which makes it unlawful for a person who has obtained lodging to depart the premises with the intent not to pay for such services. Punishment was assessed by the jury at a fine of $150.

At the outset, the appellant contends that the court erred in overruling his motion to quash the information. The pertinent portion of the information recites:

"that on or about the 27th day of July, A.D. 1970, and before the making and filing of this information, in the County of Gaines and the State of Texas, one Johnny Agnew did then and there unlawfully and willfully: *did obtain lodging* from C. M. McCain, owner and operator of 51 Motel of Seminole, Gaines County, Texas with the intent not to pay for such lodging and departed from the premises of the said injured party." (emphasis added).

Article 1551(b) provides:

"It shall be unlawful for any person who has obtained lodging, meals or other lawful service at any hotel, motor hotel, inn, tourist court, or mobile home park *to depart from the premises thereof with the intent not to pay for such services.* Failure of any person who has departed from such premises without paying the amount due for such services, and without personally appearing before the room clerk or other agent of the establishment before departing and protesting the amount alleged to be due, to pay the amount due within ten (10) days after being given written notice of the amount due, shall be prima facie evidence of departure with intent not to pay for such

services. Any person who violates any provision of this paragraph shall be punished by a fine of not more than Five Hundred Dollars ($500), or by confinement in the county jail for not more than one year, or by both such fine and confinement." (1965) (emphasis added).

The information fails to comply with the requirements of the statute by alleging that: "did obtain lodging from C. M. McCain, owner and operator of 51 Motel of Seminole, Gaines County, Texas with the intent not to pay for such lodging. . . ."

It is apparent from the statute that "departure from the premises thereof with the intent not to pay" is an essential element of the offense. Therefore, it must be averred in the information. Pannell v. State, Tex.Cr.App., 384 S.W.2d 350, 1 Branch's 2d 495, § 513.

The information being fatally defective as pointed out, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.