**Daniel E. OLVEDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 4–81–00021–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 28, 1981.

Rehearing Denied Dec. 2, 1981.

Discretionary Review Granted
Jan. 27, 1982.

David K. Chapman and Janet Seymour, San Antonio, for appellant.

Bill White, Dist. Atty., Anton Paul Hajek, III, Criminal Dist. Atty.'s Office, San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

OPINION

PER CURIAM.

This appeal is taken from a judgment of conviction for robbery by threats, a second-

**14**

degree felony. Tex.Penal Code Ann. § 29.-02(a)(2) (Vernon 1974). The court assessed punishment at ten (10) years' confinement.

The record reflects that on March 31, 1978, appellant went into an S. H. Kress & Co. store in San Antonio, picked up two butterfly necklaces, and began to leave the store. Delores Rossel, a department supervisor for the store, attempted unsuccessfully to stop appellant at the door, but he ran out the main entrance. Rossel reported the incident to Andrew Dominguez, the Kress stockboy, who pursued appellant down an alley. Dominguez testified that appellant stopped in the alley and turned to him with a knife in his hand, whereupon Dominguez returned to the store. Shortly thereafter, appellant was apprehended by police, and a show-up was conducted at which both Rossel and Dominguez testified that appellant threatened them in Spanish.

Appellant's sole ground of error alleges that the court committed fundamental error in failing to charge the jury on the statutory definition of "in the course of committing theft" because without the definition, the charge authorized conviction upon facts that could not constitute any offense.

Under Tex.Code Crim.Pro. art. 3.01 (Vernon 1977), all words used in the Code are to be understood according to common usage, " . . . except where specially defined." The phrase "in the course of committing theft" is specially defined at Tex.Penal Code Ann. § 29.01(1) (Vernon 1974) as " . . . conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." It has generally been held that such specially defined words are to be defined in the charge to the jury, *King v. State*, 553 S.W.2d 105, 107 (Tex.Cr. App.1977), unless, under the facts of the case, the jury could not have been misled by the failure of the charge to define the word or phrase. *Rohlfing v. State*, 612 S.W.2d

598, 603 (Tex.Cr.App.1981). If the jury might have been misled, then such failure to include the definition is considered "calculated to injure the rights of appellant" and is fundamental error. *Id.*

After reviewing the record, we find that the omission of the definition of "in the course of committing theft" falls within the general categories of fundamental error [1] presented in *Rohlfing v. State*, 612 S.W.2d 598, 602 (Tex.Crim.App.1981). Although the *Rohlfing* court held that no fundamental error was committed in that case by the trial court's failing to define "in the course of committing theft" in the charge, the decision was based on the conclusion that the portion of the definition of the phrase that would have been applicable to the facts, i.e., "during the commission . . . of theft," was synonymous with the common understanding of the phrase "in the course of committing theft," and therefore, the error was not prejudicial. In the case before us, however, the record shows that appellant's theft of the necklaces did not become a "robbery" until he was in immediate flight from the store, and while being pursued, threatened Dominguez with a knife. It is not a matter of common understanding that the meaning of "in the course of committing theft" may encompass conduct that occurs, as it did here, after the theft already had been completed.

As a result, the jurors were instructed to decide whether appellant's threats occurred "in the course of committing theft," but were not apprised that this element could be satisfied by evidence that appellant was in flight from a completed theft. Without an awareness of the fact that such circumstances could constitute robbery, there is a substantial likelihood that the jury could have been misled into convicting appellant for robbery by finding him guilty of the elements of the offense of theft.

We agree that appellant's case was prejudiced by the trial court's omission of a defi-

---

1. Even if this had not been deemed fundamental error, the record reveals that the State objected to the trial court's omission of the phrase definition directly after the charge was read to the jury and twice tried to inject the definition into its closing argument without success. The State itself treated the omission as fundamental error at trial.

nition that the jury required, in order to understand what elements constituted the offense for which they were deliberating appellant's guilt. Under Tex.Code Crim. Pro.Ann. art. 36.19 (Vernon 1979), such error was calculated to injure the rights of defendant, and as such, requires reversal. Because fundamental error was committed, no objection to the charge was necessary, although a State's objection is on record. Appellant's ground of error is sustained.

The judgment is reversed and the cause is remanded.

