David SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–85–172–CR.

Court of Appeals of Texas,
Austin.

Feb. 19, 1986.

Marvin J. Farek, Jr., Rockdale, for appellant.

Charles E. Lance, Dist. Atty., Cameron, for State.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

This is an appeal from an order of the trial court revoking probation. Appellant entered a plea of not guilty to the charge of attempted voluntary manslaughter. Tex.Pen.Code Ann. §§ 15.01 (Supp.1986) and 19.04 (1974). After a jury trial resulting in conviction, the jury assessed punishment at incarceration for ten years. However, imposition of punishment was suspended, and appellant was placed on probation subject to certain terms and conditions.

Later the State filed a motion to revoke probation, alleging violation of certain conditions of probation. At a hearing on such motion, the appellant entered a plea of not true to the allegations in the motion. The court revoked probation and sentence was imposed. We will reverse the order revoking probation.

The motion to revoke probation alleged numerous violations of the conditions of probation, among them that appellant enticed a child younger than 18 years old from the custody of her parents, in violation of Tex.Pen.Code Ann. § 25.04 (1974). Appellant's sole ground of error attacks the sufficiency of the evidence to support the court's order revoking probation on this ground.

Sixteen-year-old Patricia Ann Sanchez testified that on May 17, 1985, she left school in Cameron and went to appellant's house. Once there, she suggested to him that they go somewhere and the two drove in appellant's car to a motel in Temple where they had sexual intercourse. The next morning, at Sanchez' request, appellant dropped her off near her aunt's house in Temple. Sanchez' aunt called the police and Sanchez' parents, who retrieved their daughter at the Temple police department. Sanchez testified she had known appellant for about a year, liked him, and had been with him on a previous occasion.

Both Sanchez and her parents testified that she did not have her parents' permission to be with appellant. In fact, her parents had made it clear to Sanchez that they did not want her to have any contact with him. Sanchez stated that she had decided on her own to go see appellant on the day in question and that appellant had nothing to do with her decision.

Several defense witnesses testified that Sanchez' story could not be true because appellant was somewhere else at all relevant times. Appellant also took the stand and denied Sanchez' testimony, although he admitted he had known Sanchez for about two years and that he knew her parents did not want her to associate with him.

Tex.Pen.Code Ann. § 25.04 (1974) provides:

(a) A person commits an offense if, with the intent to interfere with the lawful custody of a child younger than 18 years, he knowingly entices, persuades, or takes the child from the custody of the parent or guardian or person standing in the stead of the parent or guardian of such child.

(b) An offense under this section is a class B misdemeanor.

Under this statute, the consent of the minor is irrelevant and it is of no legal effect that her actions in leaving are in fact voluntary. *See* Searcy and Patterson, Practice Commentary, 2 Tex.Pen.Code Ann. 619 (1974). In addition, it was held under a predecessor statute that the term "knowingly entice" does not require a direct entreaty, but is instead synonymous with "to allure," "to draw on by exciting hope or desire," "to seduce," as well as "to coax"

or "to prevail upon." *Escobar v. State*, 138 Tex.Cr.R. 71, 133 S.W.2d 781 (1939).

However, the State offered no evidence as to the nature of the relationship between appellant and Sanchez prior to the day in question, or of any conduct on appellant's part, from which it can be inferred that appellant "enticed" or "persuaded" Sanchez to come to his house. Even if the evidence before us is sufficient to establish that appellant knowingly "took" Sanchez from her parents' custody, the record contains no evidence of an intent on appellant's part to interfere with the parents' lawful custody. We conclude that the trial court abused its discretion in finding that appellant violated the terms of § 25.04.

Although the State pled and proved other violations of the conditions of appellant's probation, the trial court's order revoking probation is based solely on the finding previously discussed. Because the evidence does not support this finding, the order must be reversed. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex.Cr.App. 1980); *Walkovak v. State*, 576 S.W.2d 643 (Tex.Cr.App.1979).

The order revoking probation is reversed.