**Rosalinda CRISPIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00122–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1986.

Sharon McRae, San Antonio, for appellant.

Sam Millsap, Jr., Mike Edwards, Raymond Hardy, Jr., Crim. Dist. Attys., San Antonio, for appellee.

---

Before ESQUIVEL, BUTTS and DIAL, JJ.

DIAL, Justice.

This is an appeal from a conviction of murder in a jury trial for which the court assessed punishment at sixty-five years' confinement.

Appellant, Rosalinda Crispin, went to the deceased's apartment to collect some money which she claimed the deceased owed her for past sexual favors. Appellant alleged that the deceased made sexual advances toward her and when she rebuffed him, physically restrained her from leaving. Appellant then stabbed the deceased. She claims the stabbing was in self-defense to prevent aggravated kidnapping and sexual assault.

Appellant alleges three points of error, all of which relate to the failure of the trial court to give appellant's requested instruction on self-defense. The omitted instruction in pertinent part was:

Therefore, if you find from the evidence beyond a reasonable doubt that on or about May 11, 1985, in Bexar County, Texas, the defendant caused the death of Maximo Linares Limon; but you further find from the evidence that at the time in question Maximo Linares Limon committed or was attempting to commit one of the above defined crimes, and the defendant reasonably believed that the deadly force she used was immediately necessary to prevent the imminent commission of one of the crimes defined above, in viewing the facts and circumstances from the standpoint of the defendant alone or if the prosecution has failed to pursuade (sic) you beyond a reasonable doubt that these facts are untrue, you will acquit the defendant and say by your verdict "not guilty."

The instruction given applying the law to the facts (Part VII of the charge) read as follows:

Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Rosalinda Crispin, did cut and stab Maximo Linares Limon with a knife, as alleged in the indictment, but you further believe from the evidence, or you have a reasonable doubt thereof, that at the time she did so the defendant reasonably believed that the deceased, Maximo Linares Limon, was then and there committing or attempting to commit a sexual assault upon her, and she cut and stabbed him to prevent the imminent commission of such sexual assault or aggravated kidnapping upon her person, and that a reasonable person in defendant's situation would not have retreated, then you will find the defendant not guilty.

In her first point of error, appellant asserts that the trial court erred in overruling her requested jury instruction regarding self-defense which sought inclusion of the requirement that the "defendant reasonably believed the deadly force she used was immediately necessary to prevent the imminent commission" of sexual assault. Appellant complains that the element of self-defense which focuses on the reasonableness of the defendant's action and of the defendant's perception of the danger which she is in was completely omitted by the trial court in its charge to the jury. Appellant claims that the jury was never instructed to consider whether or not she reasonably believed the deadly force she used was immediately necessary to protect herself from the decedent's imminent sexual assault and thus she was deprived of the jury's consideration of the totality of the circumstances.

We agree that the court failed to include that element of self-defense which requires that the defendant reasonably believed deadly force was immediately necessary to protect herself in that part of the charge applying the facts of the case to the law. However, we consider such omission to be clearly harmless since it benefitted appellant. Omission of this element necessarily made the charge less restrictive than the statutory definition of self-defense. Because the jury was not required to find

that the force was "immediately necessary," the omission could only have made an affirmative finding of self-defense more likely. Point of error one is overruled.

■ Appellant complains in her third point of error that the court erred in failing to include statutory definitions of aggravated kidnapping and sexual assault in its charge. Appellant argues that the word "kidnapping" has a special legal meaning which does not necessarily correspond with the meaning commonly understood by the average layman and thus requires a special instruction. TEX.CODE CRIM.PROC. ANN. art. 3.01 (Vernon 1977). She contends that the average layman understands "kidnapping" to involve some aspect of forceful removal of a person from one place to another, generally accompanied by a ransom demand. However, the legal definition allows a person to go willingly to the place where she is subsequently held and requires no profit motive. *See* TEX. PENAL CODE ANN. §§ 20.04(a)(4) and 20.01(2) (Vernon 1974).

We agree with the proposition that a "trial court should always include the statutory definitions in its jury instructions where applicable." *Watson v. State,* 548 S.W.2d 676, 679 n. 3 (Tex.Crim.App.1977). While the *Watson* case did not deal directly with the submission of statutory definitions in a defensive jury charge, the court there voiced a concern that jury instructions should be clear and lead to proper resolution of the case. We share that concern.

Under TEX.CODE CRIM.PROC.ANN. art. 3.01, all words used in the Code are to be understood according to common usage, "... except where specially defined." The offense of aggravated kidnapping is specially defined at TEX.PENAL CODE ANN. § 20.04 (Vernon 1974). Specially defined words are to be defined in the charge to the jury, unless, under the facts of the case, the jury could not have been misled

by failure to include the definition in the charge. *Olveda v. State,* 625 S.W.2d 13, 14 (Tex.App.—San Antonio 1981), *rev'd,* 650 S.W.2d 408 (Tex.Crim.App.1983).[1]

Although *Olveda* dealt with an instruction as to an element of the offense, rather than the defense, we believe that the concerns which require definitions to be submitted to the jury apply equally to both offensive and defensive instructions. The jury should be fully apprised of what will satisfy the requirements of each element of the offense and of any defenses raised. The defendant's rights should be protected to this extent, at a minimum. The trial court erred in refusing to submit the requested definitions.

■ When reviewing error in the charge which was the subject of a timely objection in the trial court, reversal is required only if the error was "calculated to injure the rights of defendant," *i.e.,* there must be some harm to the accused from the error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the trial as a whole. *Id.*

Applying that criteria, we do not think that appellant was harmed by the error. Evidence was presented at trial that the deceased had been stabbed 58 times, that a bloody towel was found in the bathroom of the deceased's apartment, that a television set was missing from the apartment, that the contents of the deceased's wallet had been removed and splayed over the seat of a chair, that the door to the apartment was locked at the time the deceased was found, and that no blood was found on the door knob or the wallet.

---

**1.** Although the Court of Criminal Appeals reversed *Olveda,* the reversal did not vitiate this proposition. Olveda was convicted of robbery in the course of committing theft. The jury charge failed to include the statutory definition of the phrase "in the course of committing

theft." The Court upheld the conviction because any possible misunderstanding of the undefined phrase would have been more restrictive than the statutory definition and could only have been to appellant's benefit.

Appellant testified that she had stabbed the deceased only two times before fleeing from the apartment. This testimony conflicted with her voluntary statement in which she said that she stabbed the deceased because her mind just went blank and that she stabbed him again and again until he fell. At trial, appellant denied making these statements to the police officers taking her statement. Appellant also testified at trial that she did not take the television set with her, did not go through the deceased's wallet, did not lock the apartment door, did not wash blood off of her hands in the bathroom, and that the deceased was still alive when she left the apartment.

Further, appellant's testimony and voluntary statement revealed that the primary thrust of her self-defense claim was prevention of sexual assault. Prevention of aggravated kidnapping was a secondary or incidental theory of defense. The record reveals that the bulk of the defense counsel's closing argument went to the primary defense of preventing sexual assault. Defense counsel actually discussed the definition of sexual assault and how the evidence supported this theory, while aggravated kidnapping was mentioned only once in passing. Also, we are of the opinion that the average layman has a common understanding of "sexual assault" which comports with its legal meaning. *See* TEX.PENAL CODE ANN. § 22.011 (Vernon Supp. 1986).

By returning a verdict of guilty, the jury may have chosen to believe appellant's response to her situation was not reasonable, or that she could have retreated, or may have chosen not to believe her story at all. Because the jury rejected appellant's primary defense of prevention of sexual assault, we see no reason why they would have believed that the same evidence supported her incidental defense of prevention of aggravated kidnapping. As such, omission of the definition of aggravated kidnapping cannot realistically be construed to inure to appellant's harm.

Given these circumstances, we cannot say that the jury charge error was calculated to injure the rights of the defendant. *Cf. Arline v. State*, 721 S.W.2d 348 (Tex. Crim.App.1986). Point of error three is overruled.

■ Appellant complains in her second point of error that the trial court's instruction to the jury restricted her theory of self-defense to sexual assault alone and effectively removed from the jury's consideration another of her self-defense theories: that she reasonably believed decedent was committing or attempting to commit the offense of aggravated kidnapping upon her.

The language used did include the offense of aggravated kidnapping. The charge instructed the jury to find the defendant not guilty if they believed that "... she cut and stabbed him to prevent the imminent commission of such sexual assault or *aggravated kidnapping* upon her person...." (Emphasis added.) The charge was certainly not artfully drawn with respect to aggravated kidnapping. For the same reasons given under the other points of error, we see no error requiring reversal. Appellant's second point of error is overruled.

The judgment is affirmed.

BUTTS, Justice, dissenting.

I respectfully dissent. In this case the requested instruction placed before the court the defensive theory that, viewed from appellant's standpoint, her belief was reasonable that her actions were *immediately necessary* to prevent the imminent commission of aggravated kidnapping and sexual assault.

When properly requested the trial court must instruct the jury on every defensive theory raised by the evidence, and it makes no difference whether such defensive evidence might be strong, weak, unimpeached, or contradicted. *Smith v. State*, 676 S.W.2d 584, 586 (Tex.Crim.App.1984).

TEX.PENAL CODE ANN. § 9.32 (Vernon Supp.1986) provides:

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree *he reasonably believes the deadly force is immediately necessary* (emphasis added):

(A) to protect himself against the other's use or attempted use of unlawful deadly force; or

(B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

The words "immediately necessary" relate to and modify the subjective belief of the defendant. In the present case appellant must reasonably believe the deadly force was immediately necessary to protect herself against the other's imminent commission of the offense.

Had the application of the law to the facts omitted the words "immediately necessary" in relation to (A), *supra,* (to protect himself against the other's use or attempted use of unlawful deadly force), it is clearer that reversible error would result. Since this provision instructs the jury to find whether the defendant's subjective belief, that his use of deadly force is *immediately necessary* is reasonable from the defendant's standpoint, the refusal to submit the instruction cannot benefit the defendant. Rather, it causes the jury to look at the circumstances in an *objective* manner and determine whether any prudent person would have so acted. Texas applies the subjective test when the evidence raises the issue of justification. Section 9.32(3), *supra. See, e.g., Semaire v. State,* 612 S.W.2d 528 (Tex.Crim.App.1980).

Appellant in the present case correctly requested that the jury consider the situation from her standpoint, that is, whether or not she reasonably apprehended imminent danger. The jury should have determined whether or not hers was a reasonable belief that her use of deadly force against the other was immediately necessary to prevent the other's imminent commission of the offense.

The jury charge applying the law to the facts should have encompassed the subjective test required by subsection (3) of section 9.32. The failure to apply this law is reversible error. This is the basis of my dissent.