David Wayne CUNYUS, Appellant,

v.

The STATE of Texas, Appellee.

No. 0949–85.

Court of Criminal Appeals of Texas,
En Banc.

April 1, 1987.

---

Martin L. Peterson, Stephenville, for appellant.

Tim Rudolph, Co. Atty., Glen Rose, Robert Huttash, State's Atty. and Julie B. Pollock, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

Appellant was convicted by the trial court of the misdemeanor offense of enticing a child pursuant to V.T.C.A. Penal Code, § 25.04 and was assessed ten days confinement in the county jail.

On appeal to the Tenth Supreme Judicial District Court of Appeals the appellant raised four grounds of error. The Court of Appeals addressed the grounds of error in an unpublished opinion and found each to be unmeritorious and affirmed the appellant's conviction. *Cunyus v. State* (Tex. App.—Waco, No. 10–85–008–CR, delivered June 20, 1985).

We granted the appellant's Petition for Discretionary Review to consider his third ground for review which asserts that the Court of Appeals erred in finding the evidence of his guilt to be sufficient. Viewing the evidence in the light most favorable to the verdict we hold that there was insufficient evidence to support the conviction and will reverse the judgment of the Waco Court of Appeals.

The record before us reflects that on August 19, 1984, Geneva and Alton May were the operators of Oakdale Park, a recreation park in Glen Rose; the park has a swimming pool, snack bar, cottages, and trailer hookups. They both testified that on this date they observed the appellant entertaining five or six little boys between the ages of six and twelve throughout the afternoon and early evening. In addition to playing various games with them, he also purchased them refreshments. According to the record, the appellant told some of them he would buy them some beer if they would accompany him to a movie in Granbury.

Mrs. May further testified that later that day, as the appellant was leaving the park, she saw three boys in the back of his pickup and the boys appeared frightened. Understandably, she called the sheriff and reported what she had seen.

Although it is not entirely clear from the record, it appears that the appellant was later arrested at the park, his pickup impounded, taken to the Sheriff's Department, and while there charged by complaint with enticing a child.[1] The affidavit of one of the boys, thirteen-year-old Shane Campbell, which accompanied the complaint, stated as follows:

> We, myself Shane Campbell, Todd Shipman, Scott Simmons, George Davis, Mike King, and Jeff Roper were at Oakdale Park. David told us dirty jokes, and he said he would take us to the show, and buy us some beer. David wanted us to look at he's [sic] dirty books. *He told us*

---

1. It is rather interesting to note this comment by the prosecutor to the trial judge: "Your honor, I'm aware of what he has said, but I'm also aware that when a person is first taken *into custody* that a lot of times they're held and constitutionally can be held for questioning until it's determined whether or not a warrant should be issued. And this is what I'm getting at." (*Emphasis added.*) We would recommend that the prosecutor take note of *Schwartz v.*

*State,* 635 S.W.2d 545 (Tex.Cr.App.1982) (where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful); *Britton v. State,* 578 S.W.2d 685 (Tex.Cr.App.1979); *Fatemi v. State,* 558 S.W.2d 463 (Tex.Cr.App.1977); and *Armstrong v. State,* 550 S.W.2d 25 (Tex.Cr.App. 1977). It could save him from some grief in the future.

to ask our parents about going to the movies, I really don't think he wanted us boys to tell about the dirty jokes, and the beer and the dirty books. Oakdale Park is in Somervell County, Texas. David is a little bit chubby he looks about 45 years old he was wearing tan shorts and a blue shirt with the sleeves cut off. I am 13 years of age and the boys about [sic] are younger than 15. [Emphasis added.]

One of the boys, Todd Shipman, who was the complainant named in the information[2] testified at the appellant's trial. He stated that the appellant began talking with them at the park on August 19. Thereafter, they played checkers and chess and appellant told them he would take them to a show in Granbury and buy them beer.

Although the appellant told the complainant not to tell his parents about the show or beer, the complainant, in the presence of the appellant, nevertheless called his mother to ask her if he could go to the show. His mother told him he could not go because "you don't know that man." So, they did not go to the show, nor did appellant buy them any beer.

■ Later that afternoon the appellant offered to take three of the boys, including the complainant, home. They accepted the appellant's offer, got into the back of his pickup truck, and were taken straight (the normal route) to the complainant's house. In the course of the ride home the appellant tossed into the back of the truck a sack of what the Court of Appeals' opinion identified as "dirty books" and told the three boys "Look at these," which they did. The complainant identified the books at trial and they were admitted into evidence without objection. All three of the boys got out of the appellant's vehicle at the complainant's house.[3]

■ As previously noted, appellant was charged with Enticement of a Child pursuant to V.T.C.A. Penal Code § 25.04(a) which provides:

A person commits an offense if, with the intent to interfere with the lawful custody of a child younger than 18 years, he knowingly entices, persuades or takes the child from the custody of the parent or guardian or person standing in the stead of the parent or guardian of such child.

The predecessor statute of V.T.C.A. Penal Code § 25.04, was Art. 535, Penal Code (Vernon 1925), which was construed by this Court in *Escobar v. State*, 138 Tex.Cr.R. 71, 133 S.W.2d 781 (1939).[4]

2. Both the complaint and information in this case state as follows:

[The defendant, DAVID WAYNE CUNYUS] did then and there unlawfully and wilfully with the intent to interfere with the lawful custody of a child younger than 18 years, namely Todd Shipman, he knowingly enticed and persuaded said child from the custody of the parent of said child.

3. We pause at this moment to point out that the Statement of Facts in this case does not comply with Rule 201, Rules of Appellate Procedure in Criminal Cases (now Rule 1, Tex.R.App.Pro.—Appendix for Criminal Cases) in that it does not contain a witness index. It should be noted by future litigants before this Court: If the witnesses in this case had been more numerous it would have been virtually impossible to adequately review the testimony, and rather improbable that we would do so.

4. Art. 535, 535b Penal Code (Vernon 1925), the predecessor statute to V.T.C.A. Penal Code § 25.04 provided in pertinent part:

Any person in this State who shall knowingly entice or decoy any minor in the State away from the custody of the parent or guardian or person standing in the stead of the parent or guardian of such minor shall be fined not less than twenty-five nor more than two hundred dollars.

It shall be unlawful for any person with lascivious intent to entice, allure, persuade, or invite, or attempt to entice, allure, persuade or invite, any child under fourteen (14) years of age to enter any vehicle, room, house, office or other place for the purpose of proposing to such child the performance of an act of sexual intercourse of an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, if the child be a female, or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person. [Text of article repealed by Acts 1973, 63rd Leg. p. 991, ch. 399 § 3(a), effective January 1, 1974.]

In *Escobar v. State, supra,* this Court affirmed the defendant's conviction for enticing and decoying a minor from the custody of her parents. In that case the victim was a young girl of 15 years of age living with her parents in very poor circumstances. During the trial, the girl, Mildred Cook, testified that she did not want to live with her parents anymore and asked the defendant to take her away.

She also stated that she loved the defendant and admitted to their having sexual intercourse on numerous occasions. Indeed, she offered that she would marry him if he were not already married. Her parents testified that they did not want her to leave home and they did not give their consent for her to leave. In his defense the defendant submitted an affidavit stating that he and the girl had been lovers and that she had written him a note asking him to take her away. Responding to that note, the defendant and a friend took the girl to San Angelo.

Reviewing the defendant's conviction, the Court of Criminal Appeals stated that under the statute "the person offended against is not the minor but the parent of the minor who thus loses the privilege of the society, and the custody, care, control and services of such minor." *Id.,* 133 S.W.2d at 782. Furthermore, the Court concluded that the parents had lost the "valuable right," *Id.,* of raising their child as they wished. In addition, the Court held that the child's voluntarily leaving her home with another, "who might have held out enticing and alluring ideas and promises to such a child ... should not be a proper defense to a charge such as this." *Id.* at 782–83.

The Court in *Escobar* distinguished *Cummins v. State,* 36 Tex.Cr.R. 398, 37 S.W. 435 (1896) by simply recognizing that the mere employment of a minor child is not sufficient to "constitute the offense of knowingly decoying or enticing a minor from his parent." *Id.* at 783. It also distinguished *Cockrell v. State,* 71 Tex.Cr.R. 543, 160 S.W. 343 (1913) when it stated that although the defendant did help the minor escape from her home he did so only because the girl's father had "forced her to leave her home ... [by] his outrageous conduct." *Id.*

It should be noted that even though Art. 535 Penal Code (Vernon 1925) used the terminology "custody of the parent or guardian" as the status to be protected, each of the previously cited three cases equate such language with the act of a child leaving her home. In other words, the existence of a home is inclusive of custody but not exclusive. Thus, in the context of parental authority and responsibility, custody means much more than "home." For example, the Texas Supreme Court in *Leithold v. Plass,* 413 S.W.2d 698 (Tex.1967) has noted that:

> 'Custody' of a child connotes the right to establish the child's domicile and includes the elements of immediate and direct care and control of the child, together with provisions for its needs. *Id.* at 700.

This principle of custody of a child is codified in Tex.Family Code § 12.04 and § 14.01. Read in conjunction with one another they specifically detail the rights, privileges, duties, and powers of a child's managing conservator. Or, in more conventional terms, the one having custody of the child. But, for the purpose of determining sufficiency of evidence in this case it is only necessary to keep in mind the Texas Supreme Court's observations in *Leithold v. Plass, supra.*

Comparing the concept of custody to the appellant's conduct we are of the opinion that there is insufficient evidence to prove the appellant intended to interfere with the complainant's parents' custody. The appellant's offer to take the children to the movie, buy them beer, and even exposing them to the obscene magazines, no matter how otherwise outrageous, cannot validly be interpreted as an offer that would interfere with the parents' "right to establish the child's domicile ...," *Leithold v. Plass, supra* at 700, or intrude upon the parents' exercising their right to "care [for] and control ... the child...." *Id.* In arriving at this conclusion it is essential to note that when the children did leave the premises with the appellant he took them where he

offered to take them: home. Similarly, when he offered to take them to the movie at least one of the children stated in a sworn affidavit that the appellant suggested the child call and get permission to do so.

█ The appellant's conduct at the swimming pool was unacceptable adult behavior. There is no question that he tried to persuade them to go somewhere, however, the mere offer of an activity to a child which would remove the child from where the parents or legal guardians have permitted the child to be will not alone constitute an offense. If we were to hold that every offer to a child of an activity outside the scope of a parent's immediate control constitutes the offense of enticing a child the consequences would be alarming. For example, the suggestion of a young man or woman to their high school prom date that instead of their going directly home they go elsewhere would constitute an offense. Obviously, such conduct is not what this penal code provision is intended to forbid.

*Sanchez v. State,* 712 S.W.2d 170 (Tex. App.—Austin, 1986 no pet.) is the only case that has directly examined our present statute and the Court of Appeals was correct in its analysis of § 25.04. In *Sanchez* a sixteen-year-old minor went to the defendant's house of her own volition and suggested to him that they go somewhere. The defendant drove to a motel where they had sexual intercourse. The girl did not have her parent's permission to be with the defendant. Nevertheless, the evidence was found to be insufficient as to enticement of a child because there was "no evidence of an intent on appellant's part to interfere with the parents' lawful custody." *Id.* at 172.

The same conclusion is necessary in this case. Viewing the evidence in the light most favorable to the verdict the entreaties made by the appellant to the complainant were an attempt to persuade, but were insufficient to interfere with the parents' lawful "custody" as required by V.T.C.A. Penal Code § 25.04. In fact, there was no evidence at trial that the parents' ability to control or raise their child was affected or in any way diminished. To the contrary, the complainant obeyed his parents' orders with the assistance of the appellant.

The judgment of the Court of Appeals is therefore reversed and this cause is remanded to the trial court to enter a final judgment of acquittal.

ONION, P.J., and WHITE, J., concur in the result.