**Delores WINTHROP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00189–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1987.
Rehearing Denied Aug. 13, 1987.

Murray L. Lieberman, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Carol M. Cameron, Denise Palmer, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

Following her plea of nolo contendere, the appellant was convicted of the misdemeanor offense of enticing a child. Tex. Penal Code Ann. sec. 25.04 (Vernon 1974). The court assessed punishment at confinement in the county jail for 180 days, probated, and a $150 fine.

The appellant contends that the trial court erred in not sustaining her motion to quash the information. She argues that the terms "lawful custody," "interfere," and "custody," as used in the information, (1) were vague and did not put her on notice of her allegedly illegal behavior, so that she could prepare her defense; (2) were overly broad and vague, violating the Texas and United States Constitutions; and (3) were not such ordinary and concise language as to enable a person of common understanding to know what was meant, thereby violating Tex.Code Crim.P. art. 21.-11.

The information charged that:

DELORES WINTHROP hereafter styled the Defendant, heretofore on or about March 11, 1986, did then and there unlawfully with intent to interfere with the lawful custody of TESSA RENEE ROGERS, a child under the age of eighteen (18) years and hereafter styled the Complainant, knowingly entice, persuade and take the Complainant from the custody of the parent, CHRISTY RENEE ROGERS, of the Complainant, TESSA RENEE ROGERS.

The appellant asserts in her first three points of error that the trial court erred in overruling her motion to quash the information in that the words "lawful custody," "interfere," and "custody," as used in the information, were vague and did not ade-

quately apprise her of what behavior was illegal to enable her to prepare her defense. She claims that these terms were each capable of different definitions, and that she did not know what they meant in the context of her acts. In points seven, eight, and nine, she contends that the use of these "vague" words in the information violated article 21.11 of the Texas Code of Criminal Procedure.

When considering a motion to quash an indictment, it is not sufficient to say that the defendant knew what offense he or she was charged with committing; rather, the question is whether the face of the charging instrument sets forth in plain, intelligible language sufficient information to enable an accused to prepare a defense. *Lewis v. State,* 659 S.W.2d 429 (Tex.Crim. App.1983). An indictment is sufficient to withstand a claim of vagueness if it charges the commission of the offense in ordinary and concise language in such a manner that a person of common understanding will know what is meant, and with that degree of certainty that will give a defendant notice of the particular offense with which he or she is charged. Tex.Code Crim.P. art. 21.11 (Vernon 1966). Unless specially defined, words used in the Penal Code are to be given their common meaning. *Crispin v. State,* 722 S.W.2d 243, 245 (Tex.App.—San Antonio 1986, no pet.).

The predecessor statute to section 25.04, former Penal Code article 535, was revised and replaced by sections 25.03 and 25.04. It is thus reasonable to look to both provisions in construing the terms of either.

Section 25.03 of the Code proscribes interference with child custody as a third degree felony, and defines the offense as taking or retaining a child younger than 18 years old out of state when: (1) the actor knows that such action violates the express terms of a judgment of a court that has decided the child's custody; or (2) the actor has not been awarded custody of the child by a court of competent jurisdiction and knows that a suit for divorce, or a civil suit or application for habeas corpus to decide the child's custody, has been filed. Section 25.04 establishes the misdemeanor offense

of enticing a child, defines the offense as knowingly enticing, persuading, or taking a child younger than 18 years old from the custody of the parent or guardian or person standing in the stead of the parent or guardian, and requires the intent to interfere with the lawful custody of that child.

The information in this case mirrored the statutory language of Texas Penal Code section 25.04; generally, an indictment that tracks the statute is legally sufficient to defeat a motion to quash. *Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim. App.1986); *Lewis*, 659 S.W.2d at 431. Further, there is no error if the facts sought in a motion to quash are essentially evidentiary rather than those required for fair notice. *See Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1980).

The information here tracked the statute and described the offense in plain, intelligible language. It charged that on a specified date, the appellant did entice, persuade, or take the child, who was under 18 years of age, from her parent's custody, with the intent to interfere with the lawful custody of the child. *See* Tex.Penal Code Ann. sec. 25.04. The purpose of the statute is to prevent a minor child from being decoyed or lured away from his or her parent or guardian. *See McNelly v. State*, 142 Tex.Cr.R. 344, 152 S.W.2d 771 (1941) (construing the predecessor statute); *see also Sanchez v. State*, 712 S.W.2d 170 (Tex.App.—Austin 1986, no pet.).

Appellant does not explain what construction, other than the common one, could be given to the language of the information that would fail to give her sufficient notice of what behavior was illegal. We find that the face of the charging instrument sets forth the offense in plain, intelligible language, and that the appellant was given sufficient information to enable her to adequately prepare her defense.

Points of error one through three and seven through nine are overruled.

In her fourth, fifth, and sixth points of error, appellant argues that the terms "lawful custody," "interfere," and "custody" are so overly broad and vague that they violate the due process provisions of the Texas and United States Constitutions. She urges that the failure of the legislature to specifically define these terms renders the statute void for failure to give a defendant proper notice.

Appellant's motion to quash stated only that the allegedly vague language of the statute rendered it "unconstitutional and violative of the Constitutions of the United States of America and the State of Texas." The motion did not point out to the trial court which provisions of either constitution were violated, or argue specific constitutional grounds of complaint. Such a general assertion will not preserve error for review where the subject of the objection is not obvious. *See Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App.1986); *McCambridge v. State*, 725 S.W.2d 418 (Tex.App.—Houston [1st Dist.] 1987, pet. filed).

In any event, we find no merit in appellant's contention that the complained of terms used in the statute were so vague as to render Penal Code article 25.04 void for failure to give a defendant adequate notice. As discussed above, the statute describes the elements of the offense in plain, intelligible language with sufficient specificity both to give the accused notice of what behavior is illegal and to allow for the preparation of a defense.

Points of error four through six are overruled.

The judgment of the trial court is affirmed.