**Louis WALKOVAK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60085.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 7, 1979.

Davis W. Anderson, Marlin, for appellant.

No appearance for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation. The appellant was convicted of the offense of arson on November 9, 1972. The punishment assessed was imprisonment for five years, probated.

On June 1, 1974, in its motion to revoke probation, the State alleged that the appellant had violated a condition of probation by failing to report a change of his residence. After a hearing, the court revoked probation on the ground alleged, and sentence was imposed on February 27, 1978.

The appellant asserts that the evidence fails to support the court's order and that the court therefore abused its discretion in revoking probation. We agree.

Although the State had also alleged, in the motion to revoke, that the appellant had failed to report to his probation officer as he was required to do under the terms of probation, the court failed to find that appellant had violated the conditions of probation in that respect. The State did not allege that the appellant had not remained in Falls County, apparently because the conditions of probation imposed the ambiguous condition that the appellant "remain within a specified place."

The record shows that the appellant's residence when he was granted probation was 804 Liveoak, Marlin, but there is no testimony that he did not reside there at the time of the revocation hearing or in the intervening time. The sheriff of Falls County testified that he had received information through both the State and National Crime Information Centers that the appellant had been in Colorado, Nevada, Maryland, Kentucky and California. The sheriff also testified that he had brought the appellant as a prisoner to Falls County from California. The time of the appellant's return from California is not in evidence except that it was sometime after the motion to revoke probation had been filed.

Betty Jane Cohn, who became the Falls County Adult Probation Officer on August 1, 1976, after the appellant had been granted probation, testified that she did not know the appellant and had, before the hearing to revoke, never seen the appellant. From the probation records, the officer testified that the appellant had contacted her office two times by mail to pay probation fees. Two envelopes, one bearing the return address of L. T. Walkovak and the other the return address of Louis Walkovak, 11701 Jefferson Highway, Chester, Virginia, were admitted in evidence. One was postmarked August 3, 1974, and the other December 14, 1973. However, the cancellation stamps on both envelopes show they were mailed from places in Texas. Also admitted in evidence were two letters with date stamps of June 4, 1973, and March 20, 1974. Both letters, which were from the former probation officer, were addressed to Mr. Louis T. Walkovak, 11701 Jefferson Davis Highway, Chester, Virginia, 23831. They were returned with a notation "Moved."

Although the probation files reflect that other efforts had been made to contact the appellant, there is no evidence that he was not a resident in Falls County at the address which was stated on the conditions of probation when probation was granted. Although it would appear that there was ample evidence available to prove that appellant had violated conditions of probation, there is no evidence that he breached the condition which the court found had been breached. In *Whitney v. State,* 472 S.W.2d

524 (Tex.Cr.App.1971), a similar case, we held that the evidence failed to show that the probationer had changed his residence. We there said:

" 'Residence' is an elastic term. The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. *Mills v. Bartlett,* 377 S.W.2d 636 (Tex. 1964). Neither bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide, at that moment the residence is fixed and determined. *Mills v. Bartlett,* supra.

"In the instant case, the bodily presence of appellant in Florida is undisputed. It is also clear that he intended to seek employment there. However, the evidence is not clear that he made Florida his residence."

Since the evidence is insufficient to show by a preponderance of the evidence that the appellant had changed his residence and failed to notify the probation officer, the judgment must be reversed.

The judgment is reversed and the cause is remanded.