Affirmed and Memorandum Opinion filed August 23, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00582-CR

___________________

 

Troy Jessie Moody, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 351st District Court

Harris County,
Texas



Trial Court Cause No. 1137675

 



 

 

MEMORANDUM OPINION

            Appellant
Troy Jessie Moody was on community supervision for felony aggravated assault
when he was indicted a second time for the same offense.  The trial court
revoked Moody’s community supervision and sentenced him to 20 years’
imprisonment.  In his sole issue on appeal, Moody challenges the sufficiency of
the evidence in support of his guilty adjudication.  We affirm. 

I

On November 23, 2008, Johnmike Jones was at Doss Park
in Houston playing basketball with his cousin, nephew, and stepson.  He became
involved in a dispute between his nephew and Cartez Moody, the appellant’s
brother, over use of a basketball court.  The verbal altercation escalated
when, according to Jones, Cartez ran toward the park’s parking lot saying “I
got something for you-all,” which Jones believed meant Cartez was going to retrieve
a weapon.  After a brief chase, Jones and his nephew caught up to Cartez and
one or both men began assaulting Cartez.  Jones testified that as he was
chasing Cartez, Troy “snuck off” the basketball court to get a gun.  Troy returned
to the group “waving a gun,” which Jones described as a black pistol.  Jones
testified that Troy and Cartez began arguing and wrestling over the gun when
the ammunition clip fell to the ground.  After he bent down to reach for the
clip, Jones looked up to see Cartez holding the gun.  Jones testified Cartez
fired a shot, striking Jones in the nose, and that Troy and Cartez then fled
the scene in a red-and-white Suburban.   

Two witnesses testified they saw Troy with the gun
after the incident.  One witness, Erin Roberts, testified that she was at the
park on November 23 when she heard what she thought was a gunshot.  Roberts
testified that she then saw a red and white Suburban slowly drive past her with
Troy in the passenger seat holding a “big, black gun.”  After police
apprehended Troy and Cartez, Roberts testified that officers brought both
suspects and the Suburban back to the park; Roberts identified the Suburban as
the one she earlier saw fleeing the scene, and Troy as the person she saw in
the Suburban holding the gun.  Alejandro Ramirez, a witness who lived adjacent
to the Moodys’ house, testified that he was driving away from his house when he
saw Troy and Cartez running toward their house with Troy carrying a black
pistol in his hand. 

Cartez’s story differs.  He testified he got in an
argument over use of a basketball court with a “young man” who threatened to
slap him.  Jones joined the escalating verbal confrontation, and shortly
thereafter Troy told Cartez to “go home.”  Cartez testified that as he walked
away Jones and the “young man” caught up to him and assaulted him.  When Cartez
saw Jones “going under his shirt” to get a gun, Cartez testified he grabbed the
barrel of the gun to wrestle it away from Jones, and after a brief struggle the
gun went off, shooting Jones, and Cartez ran away.  Cartez testified Troy was
not there when the gun went off.   

Officers recovered a spent shell casing at the scene
of the shooting as well as an unfired bullet in the Suburban matching the
caliber and brand of the casing found at the scene.  However, they were unable
to find a firearm in Troy’s house or car.  Officers conducted a gunshot-residue
test on both Troy and Cartez.  The test revealed “no particles confirmed as
having composition characteristic with gunshot residue” on either of Troy's
hands.  However, Cartez’s results indicated particles were present, but not to
the degree necessary to generate a “positive” test result.  

Troy, who at the time of the shooting was on
community supervision for felony aggravated assault, was again indicted for
aggravated assault in connection with the November 23 shooting.  The State
filed a motion to adjudicate Troy’s guilt, alleging Troy had violated the
conditions of his community supervision by committing aggravated assault,
failing to pay supervision fees, failure to pay laboratory-processing fees,
possession of a firearm, and failing to participate in a court-ordered anger-management
program.  After a hearing, the trial court found all five allegations true,
found Troy guilty, and sentenced him to twenty years’ imprisonment. 

II

In his sole issue on appeal, Troy claims the trial
court erred finding the State’s allegations true because there is insufficient
evidence to establish by a preponderance of the evidence that Troy violated the
conditions of release on community supervision.  We review an order revoking community supervision
under an abuse-of-discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006).  The State has the burden to show by a preponderance of
the evidence that the defendant committed a violation of the conditions of
community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993).  The preponderance-of-the-evidence standard is met when
the greater weight of the credible evidence creates a reasonable belief that
the defendant has violated a condition of his community supervision.  Rickels, 202 S.W.3d at 763–64. 
When the State fails to meet its burden of proof, the trial judge abuses his
discretion in issuing an order to revoke probation.  Walkovak v. State,
576 S.W.2d 643, 644–45 (Tex. Crim. App. 1979).  

The appellate court will view the evidence in the
light most favorable to the trial court's order.  Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  In determining whether
the allegations in the revocation motion are true, the trial court is the sole
trier of facts, the judge of the credibility of the witnesses, and the arbiter
of the weight to be given to the testimony.  Trevino v. State, 218 S.W.3d 234, 240 (Tex.
App.—Houston [14th Dist.] 2007, no pet.).  

III

            Troy argues there
is insufficient evidence supporting the trial court’s finding that he committed
aggravated assault with a deadly weapon.  Although Jones testified Troy was
“waving a gun,” Troy points out Jones never testified Troy pointed the gun at
him or his nephew “or that Jones was in any way threatened or harmed by
[Troy’s] actions.”  Troy further points to Jones’s testimony that Troy and
Cartez struggled for the gun while Cartez implored Troy to “give me the gun,
I’ll kill him.”  Accordingly, Troy argues there is “no evidence Troy willingly
gave the gun to Cartez,” and Jones’s testimony is evidence that Troy “fought to
keep the gun away from [Cartez], who was making threats against Jones’s life.” 


A person commits felony aggravated assault if, in the
course of committing an assault, he causes serious bodily injury to another or
uses or exhibits a deadly weapon during commission of the assault.  Tex. Penal
Code § 22.02(a), (b).  Jones testified Cartez shot him; however, Troy can be
charged with aggravated assault even if he did not himself perform the act if
he is “criminally responsible as a party to an offense.”  Id. § 7.01(a),
(b).  A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Id. § 7.02(a)(2).  Criminal
responsibility can also be established through the following:

If, in the attempt to carry out a conspiracy to commit one
felony, another felony is committed by one of the conspirators, all
conspirators are guilty of the felony actually committed, though having no
intent to commit it, if the offense was committed in furtherance of the
unlawful purpose and was one that should have been anticipated as a result of
the carrying out of the conspiracy.

Id. § 7.02(b). A
reviewing court may look to events before, during, and after the commission of
the offense to determine whether an individual is a party to the commission of
the offense.  See Beardsley v. State, 738 S.W.2d 681, 684 (Tex.
Crim. App. 1987); Diaz v. State, 902 S.W.2d 149, 151–52 (Tex.
App.—Houston [1st Dist.] 1995, no pet.).

            Moody’s appeal,
however, is without merit.  Even if we agreed the evidence was legally
insufficient to support the trial court’s aggravated assault finding, the trial
court’s revocation order was also grounded in Troy’s possession of a firearm,
failure to pay supervisory and lab-processing fees, and failure to participate
in an anger-management course.  Troy does not take issue with the trial court’s
findings on any of these violations; his sole argument on appeal is that there
is insufficient evidence he “intentionally or knowingly caused bodily injury to
Johnmike Jones by using a firearm.”

Proof of even a single violation of a condition of
supervision is sufficient to support a revocation of community supervision.  See,
e.g., Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980); Moore, 11 S.W.3d at 498; Alexander v. State,
879 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d); Hendley
v. State, 783 S.W.2d 750, 752 (Tex. App.—Houston [1st Dist.] 1990, no
pet.).  And though Troy does not contest the sufficiency of the evidence to
support the other four violations, we note a probation officer testified at the
adjudication hearing as to Troy’s failure to attend anger-management classes
and to pay supervisory and lab-processing fees.  This evidence is sufficient to
establish by a preponderance that Troy was in violation of those three terms of
his community supervision.  Furthermore, there was sufficient evidence to find
by a preponderance that Troy was in possession of a firearm.  Two witnesses—Jones
and Roberts—testified to seeing Troy with a gun at Doss Park, while a third,
Ramirez, testified to seeing Troy running into his home holding a gun.      

Because Troy challenges only one of the bases for the
revocation of his community supervision, we could not disturb the trial court’s
order even if we agreed there is insufficient evidence to support a finding of
aggravated assault.  Accordingly, we overrule Troy’s sole issue.  

***

            For
the foregoing reasons, we affirm the trial court’s judgment.  

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).