ACCEPTED
01-15-00612-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/27/2015 7:01:07 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-15-00612-CR**

**IN THE FIRST COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/27/2015 7:01:07 PM

CHRISTOPHER A. PRINE
Clerk

**STUART ADAM LATHAM,**

*Appellant,*

**V.**

**STATE OF TEXAS,**

*Appellee.*

APPEAL FROM THE 180TH DISTRICT COURT, HARRIS COUNTY,
TEXAS TRIAL COURT CAUSE NO. 1356904

**APPELLANT'S BRIEF**

THE CLOUD LAW FIRM P.C.
Carvana Cloud
Texas Bar No. 24048544
850 W. Little York Rd. Ste. B
Houston, Texas 77091
Telephone: 832-230-4210
Fax: 832-230-4684
Email: carvana@cloudlawfirm.net

*Counsel for Appellant*

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Stuart Adam Latham

**Counsel for Appellant**

Carvana Cloud
THE CLOUD LAW FIRM
850 W. Little York, Suite B
Houston, TX 77091

**Appellee**

The State of Texas

**Counsel for Appellee**

Alan Curry
Harris County District Attorney's Office
1201 Franklin Ste. 600
Houston, TX 77002-1923

**Trial Counsel for Appellant**

Joseph S. Owmby
708 Main Street, Suite 790
Houston, Texas 77002

**Trial Counsel for the State**

Ryan Trask
Assistant District Attorney
Harris County District's Attorney's Office
1201 Franklin, Suite 400
Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................................... i

Index of Authorities ............................................................................................... iii

Statement of the Case ............................................................................................. 1

Waiver of Oral Argument......................................................................................... 1

Statement of Jurisdiction ......................................................................................... 1

Issues Presented ..................................................................................................... 1

    I.    THE TRIAL COURT ERRED WHEN IT ADJUDICATED THE APPELLANT BECAUSE THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT APPELLANT'S ADJUDICATION BECAUSE THE STATE'S PRIMARY WITNESS LACKED CREDIBILITY AND HER TESTIMONY WAS UNCORROBORATED.

    II.    THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO FIVE YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CORECTIONS AS SUCH SENTENCE AMOUNTS TO "CRUEL AND UNUSUAL PUNISHMENT" GIVEN THE FACTS OF THIS CASE.

Statement of Facts ................................................................................................. 2

Summary of the Argument ...................................................................................... 4

Argument............................................................................................................... 5

    I.    THE TRIAL COURT ERRED WHEN IT ADJUDICATED THE APPELLANT BECAUSE THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT APPELLANT'S ADJUDICATION BECAUSE THE STATE'S PRIMARY WITNESS LACKED CREDIBILITY AND HER TESTIMONY WAS UNCORROBORATED…………………………………………………………..7

II.    THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO FIVE YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CORECTIONS AS SUCH SENTENCE AMOUNTS TO "CRUEL AND UNUSUAL PUNISHMENT" GIVEN THE FACTS OF THIS CASE ...................................................................................... 11

Conclusion and Prayer ........................................................................ 13

# INDEX OF AUTHORITIES

## Cases

*Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd)...................................................................................................................... 7

*Anderson v. State,* 621 S.W.2d 805 (Tex.Cr.App. 1981). ...................................... 6

*Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). ........................ 6

*Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd)................................................................................................................... 6

*Taylor v. State,* 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).......................... 6-7

*Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)........................... 6-7

*Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417 (1962)............................... 11

*Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). ...................... 6

*Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed2d 637 (1983).11

*Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App. - Houston [1st. Dist.] 1992). . 11

*Walkovak v. State*, 576 S.W. 2d 643 (Tex.Cr.App. 1979). ................................... 6

## Statutes

TEX. PENAL CODE ANN. § 22.01 (Vernon 2015). ................................................... 1

## Rules

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2015) ........................... 5

TEX. R. APP. PROC. 39.7 ........................................................................................ 1

## Constitutional Provisions

TEX. CONST. art. I, § 13 ........................................................................................ 11

U.S. CONST. amend. VIII........................................................................................ 11

U.S. CONST. amend. XIV......................................................................................... 11

## STATEMENT OF THE CASE

Pursuant to Texas Penal Code § 22.01, Appellant was indicted for the offense of Assault of a Family Member. (1 C.R. 16). Appellant entered a plea of guilty on December 10, 2012. (1 C.R. 20-21). Appellant was placed on Deferred Adjudication for a period of two years community supervision with a fine of five hundred dollars. (1 C.R. 26). On December 2, 2014, the State filed a Motion to Adjudicate Appellant's guilt alleging that he had violated the terms of his community supervision when he committed an offense against the laws of the State of Texas. (1 C.R. 33-34). Appellant entered a plea of "not true." (1 C.R. 41). On June 26, 2015 the Court held a hearing on the Motion to Adjudicate Guilt and Appellant was found guilty of Assault of a Family Member – Second Offender. Appellant was sentenced to five years confinement in the Texas Department of Corrections ("TDC"). (1 C.R. 41).

## WAIVER OF ORAL ARGUMENT

Pursuant to Tex. R. App. Proc. 39.7, Appellant waives oral argument.

## STATEMENT OF JURISDICTION

The judgment of the Harris County 180th District Court was entered on June 26, 2015. Appellant filed a timely Notice of Appeal on June 26, 2015. This Court has requested briefs on the merits.

1

## ISSUES PRESENTED

I.    THE TRIAL COURT ABUSED ITS DISCRETION BY ADJUDICATING APPELLANT BECAUSE THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT APPELLANT'S ADJUDICATION BECAUSE THE STATE'S PRIMARY WITNESS LACKED CREDIBILITY AND HER TESTIMONY WAS UNCORROBORATED.

II.   THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO FIVE YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CORECTIONS AS SUCH SENTENCE AMOUNTS TO "CRUEL AND UNUSUAL PUNISHMENT" GIVEN THE FACTS OF THIS CASE.

## STATEMENT OF FACTS

Stuart Latham, Appellant, was indicted for Assault of a Family Member - Second Offender on October 26, 2012. (1 C.R. 16). On December 10, 2012, Appellant pleaded guilty to Assault of a Family Member – Second Offender as alleged in the indictment. (1 C.R. 20-21). The Court placed Appellant on deferred adjudication for two years, ending December 9, 2014 and assessed a fine of five hundred dollars. (1 C.R. 26). On December 2, 2014, the State filed a Motion to Adjudicate Appellant's guilt alleging that Appellant violated the terms and conditions of the Community Supervision by: (1) Committing an offense against the State of Texas. (1 C.R. 33-34). The Motion alleged that on or about November 8, 2014, in Harris County, Texas, the Appellant did then and there unlawfully, intentionally, and knowingly cause bodily injury to Jessica Wingerter, a person with whom the appellant had a dating relationship. (1 C.R. 33-34).

2

On June 26, 2015, the Appellant pleaded "not true" to the allegations at the hearing on the motion to adjudicate. (1 R.R. 91). At the hearing, the State's primary witness was the complainant, Jessica Wingerter. (1 R.R. 12). During Ms. Wingerter's testimony, she testified that she had been in a dating relationship with Appellant for "four, five years" but they had broken up. (1 R.R. 16). Ms. Wingerter alleged that on November 8, 2014 Appellant went to her home and put his arm around her neck, which prevented her from breathing for a few seconds. (1 R.R. 18). The witness testified that she did not call the police until November 11, 2014, three days later, to report this incident. (1 R.R. 22).

Ms. Wingerter testified that she was unable to recall parts of the incident because at the time of the hearing it had been seven months since the alleged incident. (1 R.R. 15). She testified she could not recall whether her cousin, Corina Ventura, was present at her home when the incident occurred. (1 R.R. 15). She testified that she could not remember if Ms. Ventura was present when she was interviewed by the Harris County Constable's Office. (1 R.R. 21). She could recall, however, that Ms. Ventura was interviewed by the Harris County Constable's Office but she could not recall how she was interviewed. (1 R.R. 22).

Appellant took the stand and testified on his behalf. His testimony was that on November 8, 2014, he and Ms. Wingerter were involved in an argument but denied ever placing his forearm or his hands around her neck or choking her. (1

3

R.R. 72, 74). Appellant also stated that he voluntarily went to their shared home in Tomball only after she sent him a text message inviting him over for dinner. (1 R.R. 66). Appellant introduced a series of text messages sent from Ms. Wingerter to Appellant, Defendant's Exhibits 1 through 12, which were sent between the dates of November 8, 2014 to November 11, 2014, proving that Ms. Wingerter invited him over for dinner. (1 R.R. 61). When Ms. Wingerter was questioned about whether she sent the text messages, she stated she could not remember and also denied making them. (1 R.R. 29-34, 44). She further speculated that the text messages presented in the hearing were created by Appellant's cousin who worked in the Information Technology (IT) field, as a result of him hacking into her Gmail account (1 R.R. 29-34, 36). There is no substantiation or corroboration of this allegation in the record.

The Court found that Appellant did violate the terms and conditions of the community supervision and found him guilty of Assault of a Family Member – Second Offender. (1 R.R. 89). The Court sentenced Appellant to five years confinement in the Texas Department of Corrections ("TDC"). (1 R.R. 89).

On June 26, 2015, Appellant timely filed his Notice of Appeal.

### SUMMARY OF THE ARGUMENT

Appellant raises two points of error. First, Appellant contends that the trial court erred when it adjudicated Appellant because the evidence was factually

4

insufficient to support an adjudication of guilt because the state's primary witness lacked credibility. This claim is based on the fact that the State failed to meet its burden when it presented only one witness, Ms. Wingerter, the complainant, as proof that the Appellant violated a term of his community supervision. Ms. Wingerter's testimony was factually insufficient and uncorroborated and is thus unable to support Appellant's adjudication of guilt and sentence of five (5) years confinement in TDC.

Next, Appellant contends that the trial court abused its discretion by sentencing Appellant to five (5) years confinement in TDC as such sentence amounts to cruel and unusual punishment given the facts of this case. The record is clear that Appellant's term of community supervision was set to expire on December 10, 2014 and this new assault case was filed against him by Ms. Wingerter on November 8, 2014, one month before his probation was set to end. Because Appellant had no prior felony convictions and had completed ALL other conditions and term of his community supervision, a sentence of five (5) years TDC is considered cruel and unusual punishment.

**ARGUMENT**

## I.     BURDEN OF PROOF AND STANDARD OF REVIEW ON APPEAL

An appellant may appeal from a revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). In community supervision revocation

cases, the State has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (citing *Anderson v. State*, 621 S.W.2d 805 (Tex.Cr.App. 1981). This standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition or term of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex.Cr.App. 1974).

The Court of Appeals of Texas reviews a trial court's order revoking community supervision under an abuse of discretion standard. *Id*. at 763. If the State fails to meet its burden, the Court abuses its discretion in issuing a motion to revoke probation. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd); *Walkovak v. State*, 576 S.W. 2d 643 (Tex.Cr.App. 1979). In conducting its review, the appellate court considers all the evidence in the light most favorable to the trial court's finding to determine whether the trial court could have reasonably found that appellant violated the terms and conditions of his probation by a preponderance of the evidence. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd). The trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.

Crim. App. 1980); *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

II. **THE TRIAL COURT ABUSED ITS DISCRETION BY ADJUDICATING APPELLANT BECAUSE THE EVIDENCE WAS FACTUALLY INSUFFICIENT TO SUPPORT APPELLANT'S ADJUDICATION OF GUILT BECAUSE THE STATE'S PRIMARY WITNESS LACKED CREDIBILITY AND HER TESTIMONY WAS UNCORROBORATED.**

In assessing the factual sufficiency of the evidence, the court considers all the evidence in the light most favorable to the trial court's finding to determine whether the trial court could have reasonably found that appellant violated the terms and conditions of his probation by a preponderance of the evidence. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). The trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

Viewed in the light most favorable to the trial court's decision to adjudicate guilt, there was insufficient evidence that appellant violated the terms of his community supervision. The State failed to meet its burden when it presented solely one witness, the complainant, Ms. Wingerter, to testify to what occurred on November 8, 2014. Her testimony, alone, was insufficient to support a sentence of five (5) years because she lacked credibility and her testimony was uncorroborated.

7

This case depended entirely upon the credibility of the complainant versus the credibility of the Appellant. Both Appellant and complainant told opposing accounts about what occurred on November 8, 2014. Ms. Wingerter stated that Appellant put his arm around her neck and Appellant testified that this never occurred. The trial court, being the sole trier of the facts, should have determined that Ms. Wingerter lacked credibility when she gave conflicting testimony. Ms. Wingerter described this alleged attack as being horrible, yet she maintained communication with Appellant for three days after this incident allegedly occurred. When confronted about her constant communication via text message with Appellant, Ms. Wingerter responded that she did not recall sending any text messages. She further responded that the text messages were somehow obtained because someone hacked into her personal accounts.

Ms. Wingerter lacked credibility when she testified at the adjudication hearing. She repeatedly stated that she could not recall parts of what occurred on November 8, 2014 and could not remember whether she drafted the text messages that were sent to Appellant's phone. Ms. Wingerter stated that she thought her cousin, Corina Ventura, was present at her home on November 8, 2014. (1 R.R. 15). Then she stated that she could not remember if her cousin was sleeping when the incident occurred. (1 R.R. 17). Later, she testified that she could not recall whether her cousin was present at the home because it had been seven months

8

since the alleged incident had occurred. (1 R.R. 20). She further testified that she, Ms. Wingerter, had been interviewed three days later in front of her home by the Harris County Constable's Office but she could not recall whether Ms. Ventura was interviewed with her. (1 R.R. 22, 51). She did recall however that Ms. Ventura was interviewed by the Harris County Constable's Office. (1 R.R. 22). She also testified that she could not remember whether her cousin, Ms. Ventura knocked on her door during the time of the incident. (1 R.R. 23-24).

Ms. Wingerter also lacked credibility because she could not recall the existence of a series of text messages that were sent from her to Appellant from November 8, 2014 to November 11, 2014. She could neither recall what her cellular phone number was nor what her cellular phone looked like. (1 R.R. 25). Ms. Wingerter also could not recall what the Appellant's cellular phone looked like. (1 R.R. 26). She testified that she could not recall or remember when she first communicated, either by text or voicemail, with Appellant on or after November 8, 2014. (1 R.R. 28). When Ms. Wingerter was shown pictures of the text messages, Defendant's Exhibits 1-12, she denied drafting and sending the text messages and stated that her computer had been hacked. (1 RR. 29-34, 36). She did testify, however, that some of the text messages did look familiar, like she would have written them. (1 RR. 34). Later, she testified that she did not send any text messages to Appellant between the dates of November 8, 2014 through

November 11, 2014. (1 R.R. 44). Ms. Wingerter could not remember other details surrounding the alleged incident. For example, she could not remember whether she went to her parent's home that day or whether she stayed home. (1 R.R. 49).

Ms. Wingerter's recount of the alleged incident was completely uncorroborated. Her cousin, Ms. Ventura, who may have been present during the alleged incident and who was interviewed by the Harris County Constable's Office after the incident, was not present at the adjudication hearing and did not testify to what occurred that night. (1 R.R. 52). Yet, Ms. Wingerter stated she still had contact with her cousin and knew where she lived. (1 R.R. 52). The State did not introduce any other testimony or evidence to corroborate Ms. Wingerter's recount of what occurred on November 8, 2014.

The trial court erred by adjudicating Appellant based on the aforementioned testimony of Ms. Wingerter, a witness who lacks credibility and provided inconsistent testimony throughout the hearing. The trial court also erred when it ignored the tangible text messages provided by Appellant which clearly demonstrate that Ms. Wingerter invited him to their home for dinner on November 8, 2014. The testimony of Ms. Wingerter, alone, is factually insufficient to support Appellant's adjudication of guilt because she lacks credibility and because her testimony was uncorroborated. Accordingly, because the State failed to meet its burden that the Appellant violated a term of his community supervision, the trial

court abused its discretion when adjudicating Appellant and sentencing him to five (5) years confinement in TDC.

**III.    THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO FIVE (5) YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CORECTIONS AS SUCH SENTENCE AMOUNTS TO "CRUEL AND UNUSUAL PUNISHMENT" GIVEN THE FACTS OF THIS CASE.**

The 8th and 14th Amendment of the United States Constitution prohibits the imposition of sentences that are cruel and unusual. U.S. CONST. amend. VIII, XIV. Similarly, the Texas Constitution forbids the infliction of cruel and unusual punishment. TEX. CONST. art. I, § 13. Generally, a sentence between the punishment range does not violate the cruel and unusual punishment prohibition. *Swinney v. State*, 828 S.W.2d 254, 259 (Tex. App. - Houston [1st. Dist.] 1992). However, the Supreme Court has held that "as a matter of principle a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed2d 637 (1983). A sentence that is greatly disproportionate to the crime or shocks the conscious may be deemed cruel and unusual. *Id*. "As the court noted in Robinson v. California, a single day in prison may be unconstitutional in some circumstances." *Id*. (citing *Robinson v. California*, 370 U.S. 660, 667, 82 S.Ct. 1417 (1962)).

Under the facts of this case, a sentence of five years is cruel and unusual punishment; thus the trial Court abused its discretion. When the alleged new law violation occurred, Appellant was one month away from completing the two year community supervision term, which he was granted (1 R.R. 52). The community supervision term would have ended on December 9, 2014 and the alleged incident occurred on November 8, 2014. (1 R.R. 52). The State filed the Motion to Adjudicate Guilt on December 2, 2014, only seven days away from the end of his community supervision term. (1 C.R. 33-34). The Court could have reinstated community supervision for a longer term and/or mandated him to rehabilitation or treatment. Instead, the Court sentenced Appellant to five (5) years confinement in TDC. Although the punishment range for Assault of a Family Member - Second Offender is two to ten years confinement in TDC, the Court sentenced Appellant to an amount in the middle of the range of punishment even though Appellant had no prior felony convictions and had successfully completed ALL other conditions of community supervision. Because the Supreme Court has held that even sentences that are within the legal range of punishment could be deemed cruel and unusual, Appellant's sentence violated this prohibition. Furthermore, as stated above, because the evidence was factually insufficient to support an adjudication of guilt, Appellant's sentence of five (5) years confinement in TDC can be considered cruel and unusual give the facts of this case.

## CONCLUSION AND PRAYER

For the reasons stated above, Appellant respectfully requests that this Court reverse his conviction for Assault of a Family Member - Second Offender and sentence of five (5) years confinement in TDC and remand this case to the trial court for a new adjudication hearing.

THE CLOUD LAW FIRM, P.C.

*/s/ CARVANA CLOUD*

Carvana Cloud
State Bar No.: 240485544
THE CLOUD LAW FIRM
850 W. Little York, Suite B
Houston, TX 77091
832-230-4210 (office)
832-230-4684 (facsimile)
carvana@cloudlawfirm.net

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,931 words (excluding the caption, table of contents, table of authorities, signature, proof of service, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

THE CLOUD LAW FIRM, P.C.

*/s/ CARVANA CLOUD*

Carvana Cloud
State Bar No.: 240485544
THE CLOUD LAW FIRM
850 W. Little York, Suite B
Houston, TX 77091
832-230-4210 (office)
832-230-4684 (facsimile)
carvana@cloudlawfirm.net

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Appellant's Brief was served by electronic service and the electronic submission was reported as complete on this 26th day of October 2015 upon the following person: Alan Curry at curry_alan@dao.hctx.net.

THE CLOUD LAW FIRM, P.C.

/S/ CARVANA CLOUD

Carvana Cloud
State Bar No.: 240485544
THE CLOUD LAW FIRM
850 W. Little York, Suite B
Houston, TX 77091
832-230-4210 (office)
832-230-4684 (facsimile)
carvana@cloudlawfirm.net

**ATTORNEY FOR APPELLANT**